# Pennsylvania Railroad Company, Appellant, *v.* Southwestern Street Railway Company.

*Railroads—Street railways—Contract—Written agreement—Contradiction—Affidavit of defense—Negligence.*

In an action by a steam railway company against a street railway company to recover the amount of certain damages which the plaintiff had been compelled to pay by reason of a collision between a train and a wreckage car of the defendant on which the persons injured were riding, the statement of claim set forth a contract between the two companies regulating the crossing, and averred that the accident had happened by reason of the defendant violating the agreement in not stopping the car before crossing and in running the car in a direction opposite to that which was required by the contract. The defendant filed an affidavit of defense in which it averred that the car had been run in a proper manner, had stopped at the crossing, and that the provision of the contract relating to the direction of the running of cars did not apply to a wreckage car. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued April 2, 1908. Appeal, No. 17, Jan. T., 1908, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1906, No. 3,229, discharging rule for judgment for want of a sufficient affidavit of defense in case of Pennsylvania Railroad Company v. Southwestern Street Railway Company. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and affidavit of defense are set forth in the opinion of the Supreme Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*E. J. Sellers*, of *Sellers & Rhoads*, for appellant.

*John C. Bell*, for appellee.

OPINION BY MR. JUSTICE STEWART, May 25, 1908:

This appeal is from an order of court discharging a rule for judgment for want of a sufficient affidavit of defense. The action was brought to recoup from the defendant company damages which had been recovered against the plaintiff company by certain parties for injuries sustained in a collision at a grade crossing; the plaintiff contending that the collision was in consequence of a violation by the defendant company of the terms of an agreement under which it was permitted to maintain and use the crossing. By this same agreement the defendant company undertook to indemnify and save harmless the plaintiff from and against all loss or damage which might be imposed upon or recovered against it in consequence of any negligence on the part of the defendant company in the use of said crossing, or failure on its part to use the same in the way stipulated and provided for in the agreement. The parties injured in the collision, and who recovered against the plaintiff company, were, at the time of the accident, riding in what is known as a wreckage or repair car of the street railway company. As the car was moving upon and over the grade crossing, it was run into by an engine on plaintiff's road. The statement of claim filed in the case sets out the agreement between the two companies with respect to the construction, maintenance and manner of use of the crossing, and avers two distinct breaches of the agreement by the defendant company, from which it is claimed the accident resulted. The line of road of the defendant company is composed of two parallel tracks. These are so operated that the cars employed in passenger travel moving eastward proceed on the southern track, and those moving westward on the northern. The derailing switch placed at the approaches to the railroad tracks at either side, are effective as this order of movement of cars is observed. A car moving eastward on the northern track would have no interruption at the grade crossing by reason of the switch at that point. In this particular instance the car that was struck by the passing engine was moving eastward on the northern track, and this the plaintiff avers was a distinct breach of the agreement between the two companies. The agreement also provided that the defendant company would cause each and every car on its railway when approaching the crossing, to be

stopped at a safe distance therefrom, and not permit them to cross until the track should be free from passing or approaching engines, cars, or trains, etc.   The statement avers, as another distinct breach, that the defendant failed on this occasion to stop the car at a safe distance from the crossing before moving forward upon the tracks.   The affidavit of defense admits the agreement between the two companies, but denies any and all liability on its part thereunder for any damages resulting from this particular occurrence.   It contains a positive and specific denial of the averment that its car was not stopped at a safe distance from the crossing before the crossing was attempted, and asserts that the car was brought to a full stop at a proper and safe distance; that the safety gates at that point operated by the plaintiff were negligently raised and opened, admitting defendant's car to the crossing, and that defendant's employee in charge of the car, after looking carefully forward to see whether the track was clear, was proceeding with due care and caution to cross, when his car was suddenly struck by the engine of the plaintiff which had given no signal or warning, and was without a headlight.   As to the other alleged breach, the affidavit admits that it was defendant's custom to run the cars employing the same track in the same direction, but asserts that this order was not required by the agreement between the companies, but was adopted for defendant's own convenience.   It denies that any such custom had been observed by it with respect to its repair or wreckage cars, and asserts that it had always been its custom, before and since the agreement, to run and operate such cars in any direction and to any point when and wherever the same were needed, of which fact the plaintiff had full knowledge.   It further denies that it was ever contemplated or intended by the parties to the agreement, or that it is within the purview or meaning of the agreement, that the direction and movement of the defendant's wreckage or repair cars should be controlled or governed by the agreement, and asserts that the agreement in this regard had relation only to the direction and movement of defendant's passenger cars.

It is quite manifest, as contended for by appellant's counsel, that had the car been on the other track the accident would not have occurred; the derailing switch it would have there

encountered would have prevented any collision. But that is a circumstance not to be considered in this connection. The plaintiff's action is founded on a breach of the agreement, not on defendant's negligence as a thing apart. Does or does not the agreement between the companies require the street railway company to regulate the movement of all its cars, including its wreckage and repair cars, so that all, without exception, should be controlled at the crossing by the derailing switch? If it does, then a breach having been averred in this regard, and there being no denial of the fact constituting such breach in the affidavit, the plaintiff would be entitled to judgment. But the defendant denies that the provision in the agreement relating to the use of the derailing switch applies to the movement of its wreckage and repair cars, and asserts that it extends only to the movement of passenger cars. Here is an issue squarely raised. What is included in the subject-matter of the agreement—all of the defendant's cars, or only some of them? Were this an attempt to contradict or vary the written agreement, a serious objection might be urged to the affidavit of defense; but it is not. It is always competent to explain and define the subject of a written agreement: Barnhart v. Riddle, 29 Pa. 92; Centenary M. E. Church v. Clime, 116 Pa. 146. A construction of the agreement that would except wreckage cars from the switch regulation, could not be said to nullify any of its terms, or contradict any part of the writing, since the agreement contains no express reference to such cars, nor are they necessarily included in the terms used. In view of what is set up in the affidavit as supporting the defendant's contention in this regard, what the agreement includes becomes a question for the jury to decide. The traverse in the affidavit is quite sufficient with respect to both of the alleged breaches of the agreement to carry the case to the jury.

The order of the court discharging the rule is affirmed.